**SIGNED this 19 day of January, 2024.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **BARBARA JOYCE REEVES SMITH** | ) | CHAPTER 7 BANKRUPTCY |
| | ) | |
| Debtor. | ) | CASE NO. 23-70648-JTL |
| | ) | |
| | ) | |
| | ) | |
| **VINCE FARIDANI,** | ) | |
| | ) | ADVERSARY NO. 23-7013 |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BARBARA JOYCE REEVES SMITH** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1

**MEMORANDUM OPINION ON THE DEFENDANT'S MOTION TO DISMISS**

The above-styled contested matter comes before the Court on the motion to dismiss filed by the Defendant, Barbara Joyce Reaves Smith. The Defendant moves to dismiss the complaint filed by the Plaintiff, Vince Faridani whoinitiated this adversary proceeding. For the reasons stated below, the Court finds that the Plaintiff did not meet the pleading standards of Rule 7009. The Court further finds that the statute of frauds and prohibition against parol evidence are inapplicable in this case.

**I.    PROCEDURAL POSTURE AND FACTUAL FINDINGS.**

The parties do not disagree as to the operative facts at this stage of the proceedings. The Plaintiff filed his complaint on October 10, 2023. Pl.'s Compl., Doc. 1. The Defendant moved to dismiss the complaint on October 20, 2023. Def.'s Mot. to Dismiss, Doc. 3. The Plaintiff amended his complaint on November 9, 2023. Pl's. Am. Compl., Doc. 8. The Defendant renewed her motion to dismiss on November 29, 2023. Def.'s Mot. to Dismiss, Doc. 10. The Plaintiff filed a response opposing the Defendant's motion to dismiss on December 8, 2023. Resp. with Opp'n, Doc. 16. The Court heard the parties' arguments on January 4, 2024, and took the matter under advisement. Hr'g Held, Doc. 17.

The Plaintiff has not had a summons issued and served in this case. During the hearing, the Defendant orally waived the issuance and service of a summons. *Id*.

**II.    LEGAL ANALYSIS**

The Court first addresses the Defendant's argument that the complaint fails to allege fraud with the specificity required in Rule 7009. Rule 7009 of the Federal Rules of Bankruptcy Procedure incorporates Rule 9 of the Federal Rules of Civil Procedure which states, a "party must state with particularity the circumstances constituting fraud or mistake." The Plaintiff

brings this action under 11 U.S.C. § 523(a)(2)(A) which states that debts for money obtained by "false pretenses, a false representation, or actual fraud" are not dischargeable. Thus, the heightened pleading standard of Rule 7009 applies. The Defendant argues that the Plaintiff's amended complaint does not comply with Rule 7009 and should therefore be dismissed.

The Eleventh Circuit has stated, to comply with Rule 9(b), plaintiffs must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Dixon v. Allergan USA, Inc.,* 645 Fed. Appx. 930, 932 (11th Cir. 2016) (unpublished) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir.2007)). The Court finds that the Plaintiff fails to do so.

The Plaintiff states in his amended complaint, "the Debtor defrauded the Movant into loaning her money under the guise that the loan would be used for the Debtor's catering business only. The Debtor promised to the Movant that the loan, once paid by the Movant, would be used to fund operational expenses for Debtor's catering business, which is operated as a d/b/a under Debtor's individual name." Pl's. Am. Compl., Doc. 8 at ¶ 2. Thus, the Complaint alleges the precise statement and misrepresentation made. The Plaintiff states that he "relied on misrepresentations from the Debtor on how the money would be used and what it would be used for when deciding to make the loan to the Debtor." *Id*. at ¶ 4. Therefore, the complaint alleges the content and manner in which these statements misled the Plaintiff. Finally, the Plaintiff states that the Defendant intended "to use the loan to fund other separate business purposes without ever intending to pay the Movant back for the loan." *Id*. at ¶ 3. Thus, the Complaint alleges what

the Defendant obtained as a consequence of the fraud. The complaint complies with the first, third, and fourth elements required by the Eleventh Circuit to allege fraud.

As to the second element required by the Eleventh Circuit, however, the complaint alleges that the Defendant made the statements to the Plaintiff but fails to allege the time and place the statement was made. The Plaintiff's amended complaint states that "The Debtor promised to the Movant that the loan, once paid by the Movant, would be used to fund operational expenses for Debtor's catering business, which is operated as a d/b/a under Debtor's individual name" and "the Movant relied on misrepresentations from the Debtor on how the Money would be used and what it would be used for when deciding to make the loan to the Debtor." *Id*. at ¶ 2 and 4.  The Plaintiff's amended complaint incorporates paragraphs one through twelve of his original complaint which states, in part, "On March 16, 2018, Debtor executed a Promissory Note to the Movant…" and attached a copy of the promissory note as an exhibit. Pl's. Am. Compl., Doc. 8 at ¶ 1; Pl.'s Compl., Doc. 1 at ¶ 3. At the same time, the Plaintiff states that misrepresentations led the Plaintiff to decide to make the loan, which implies the statements were made at some previous point before the loan agreement was executed. Pl's. Am. Compl., Doc. 8 at ¶ 4. Thus, the complaint is unclear as to the time the statements were made. Furthermore, neither the amended complaint nor the incorporated paragraphs of the original complaint have any indication of the place at which these misrepresentations were made. Thus, the Plaintiff's complaint fails to comply with the Eleventh Circuit's requirement that a complaint must allege the time, place, and person responsible for the statement. The Court, therefore, orders the Plaintiff to amend his complaint with fourteen days to include the factual allegations required under Rule 7009. If he fails to do so, his case will be dismissed.

4

The Defendant then argues that the Plaintiff's amended complaint "fails to plead factual matters sufficient to establish a claim under 11 U.S.C. § 523(a)(2)." The Defendant specifically states that the supplemental oral promise made by the Plaintiff violates the statute of frauds. Georgia law requires that any commitment to lend money must be in writing. O.C.G.A § 13-5-50. The parties do not deny that the writing in this case complies with the statute of frauds. The Defendant states, however, that the oral promise to use the money for her catering business cannot be considered because it is an oral supplement to the contract and, thus, would violate the statue of frauds. The Court finds that the statute of frauds is inapplicable in this context.

In this case, the parties do not disagree as to whether a written agreement exists and whether the agreement is valid. The Defendant cites *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortg., Inc.*, 826 F. Supp. 460 (N.D. Ga. 1993), *aff'd sub nom. Breckenridge Creste v. Citicorp*, 21 F.3d 1126 (11th Cir. 1994) and *Cohen v. Pullman Co.*, 243 F.2d 725 (5th Cir. 1957) to support her defense. In both of those cases, however, the actual agreement itself violated the statute of frauds. In *Breckenridge*, the Court found that the parties had an oral agreement to lend money, thus the agreement itself violated the statute of frauds. 826 F. Supp. at 466. For that reason, the Court found that the parties could not sustain a negligent misrepresentation claim because the underlying agreement was invalid. *Id*. In *Cohen*, the Fifth Circuit found that a party could not sustain a fraud claim when the underlying agreement violated the statute of frauds. 243 F.2d at 729. Thus, under Georgia law, if the underlying agreement is unenforceable under the statute of frauds, one cannot be fraudulently induced to enter an unenforceable contract. *See Godwin v. City of Bainbridge*, 322 S.E.2d 733, 735 (Ga. App. 1984). However, the underlying writing in this case satisfies the statute of frauds; thus, the Court does not find the agreement unenforceable for purposes of sustaining a fraud claim.

The Defendant argues that any condition as to the use of the money would be an essential term of the contract that must be included in the contract under the statute of frauds, as the Plaintiff cannot enforce the term. The Court finds that the statute of frauds does not apply as a defense in this case. The Plaintiff is not bringing a claim for breach of contract, but a fraudulent inducement claim. The Plaintiff claims that he relied on the Defendant's representations to enter the contract, not that the Defendant breached the terms or conditions of the contract. Thus, the Defendant's reliance on the statute of frauds is misplaced.

Finally, the Court finds that, under Georgia law, parol evidence can be used to prove fraud in the inducement. Under Georgia law, "oral representations allegedly made by appellant as inducements to the contract are inadmissible to add to, take from, or vary a written contract." *Pepsico Truck Rental, Inc. v. E. Foods, Inc.,* 243 S.E.2d 662, 663 (Ga. App. 1978). However, much like the Defendant's statute of frauds defense, this prohibition against parol evidence only applies to claims brought for a breach of contract, not fraud claims. "Parol evidence is admissible to establish fraud in the inducement…where the complaining party does not elect to stand on the contract but proceeds on fraud." *Judge v. Wellman*, 403 S.E.2d 76, 78 (Ga. App. 1991). *See also del Mazo v. Sanchez,* 366 S.E.2d 333 (Ga. App. 1988). Thus, the circumstances around the negotiation and execution of the contract outside of the terms of the contract may be considered by the Court to support the Plaintiff's claim.

### III.   CONCLUSION

The Court finds that the Plaintiff's complaint does not comply with Rule 7009. The Court, therefore, **GRANTS** the Defendant's motion in part as to Rule 7009 and orders the Plaintiff to amend his complaint within fourteen days. If the Plaintiff fails to amend his complaint to comply with Rule 7009, the Court will dismiss the Plaintiff's adversary proceeding

against the Defendant. The Court further finds that the statute of frauds and prohibition against parol evidence are inapplicable in this case, thus, the Court **DENIES** the Defendant's motion as to her remaining grounds.

END OF DOCUMENT